**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| CHELSEA DERMONT,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 2:26-cv-200 |
| | § | |
| RJL ENTERTAINMENT, INC.<br>d/b/a CLUB CHEETAH,<br>Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Chelsea Dermont ("Plaintiff" or "Ms. Dermont") files this Original Complaint against Defendant RJL Entertainment, Inc. d/b/a Club Cheetah ("Defendant" or "Club Cheetah"), and in support thereof would respectfully show the Court as follows:

## I. NATURE OF THE ACTION

1. This is an action for sex (pregnancy) discrimination and retaliation brought under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e et seq., and under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001 et seq. Defendant terminated Plaintiff's employment because of her pregnancy and retaliated against her for opposing that discrimination, and, following a full investigation, the U.S. Equal Employment Opportunity Commission ("EEOC") found reasonable cause to believe that both violations occurred.

## II. PARTIES

2. Plaintiff Chelsea Dermont is an individual residing at 2175 W. Wheeler Ave., Apt. 133, Aransas Pass, Texas 78336.

3. Defendant RJL Entertainment, Inc. d/b/a Club Cheetah is a business entity operating a club located at 6425 South Padre Island Drive, Corpus Christi, Texas 78412, and at all relevant times employed 15 or more employees, rendering it an “employer” within the meaning of Title VII, 42 U.S.C. § 2000e(b), and the TCHRA, Tex. Lab. Code § 21.002(8). Defendant may be served with process through its registered agent, Frank A. Lazarte, 6425 South Padre Island Drive, Corpus Christi, Texas 78412.

## III. JURISDICTION AND VENUE

4. This Court has federal question subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under Title VII, 42 U.S.C. § 2000e et seq.

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same case or controversy as, and are so related to, the federal claims that they form part of the same case.

6. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein were committed in Nueces County, Texas, within the Corpus Christi Division of the Southern District of Texas, and because Defendant resides in and conducts business within this District.

## IV. ADMINISTRATIVE PREREQUISITES

7. On September 30, 2025, Plaintiff timely filed a Charge of Discrimination with the EEOC and the Texas Workforce Commission-Civil Rights Division, assigned Charge No. 451-2025-06607, alleging discrimination based on sex (pregnancy) and retaliation.

8. On June 26, 2026, the EEOC's San Antonio Field Office issued a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Plaintiff because of her sex/pregnancy and retaliated against her for opposing pregnancy discrimination, in violation of Title VII.

9. The EEOC thereafter attempted conciliation, which proved unsuccessful. On July 7, 2026, the EEOC's Houston District Office issued its Letter of Conciliation Failure, and the EEOC's San Antonio Field Office issued the accompanying Notice of Right to Sue (Conciliation Failure), notifying Plaintiff of her right to file suit.

10. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue, as required by 42 U.S.C. § 2000e-5(f)(1).

11. All conditions precedent to the filing of this action have occurred, been satisfied, or been performed.

## V. FACTUAL ALLEGATIONS

12. Defendant employed Plaintiff as a bartender at Club Cheetah from November 2022 until her discharge on September 27, 2025. Plaintiff's immediate supervisor was Pete Oviedo.

13. In April 2025, Plaintiff learned that she was pregnant and promptly notified Mr. Oviedo. From April 2025 through early September 2025, Plaintiff continued performing her bartending duties without any incident, complication, or performance issue related to her pregnancy. Plaintiff had no medical restrictions and required no accommodation beyond standard time off.

14. On or about September 15, 2025, Plaintiff informed Mr. Oviedo that she would need time off from October 3 through 5, 2025, in part due to an upcoming baby shower, and reminded him that her due date was December 17, 2025. Plaintiff confirmed she had experienced no pregnancy-related complications and remained able to perform all of her job duties.

15. In direct response, and despite Plaintiff's demonstrated ability to perform her essential job functions, Mr. Oviedo told Plaintiff that September 2025 would be her last month of employment. Mr. Oviedo cited no performance deficiency, business need, or policy violation — only Plaintiff's pregnancy.

16. Plaintiff immediately opposed this decision, informing Mr. Oviedo that terminating her employment because of her pregnancy violated her rights under federal and state law. In response to Plaintiff's protected opposition, Mr. Oviedo stated that he needed to consult with Club Cheetah's ownership and attorneys.

17. On September 27, 2025 — twelve days after Plaintiff's protected opposition — Mr. Oviedo sent Plaintiff a text message formally terminating her employment. The message stated, in relevant part, that Mr. Oviedo could not “run a business without structure,” that it was “too much of a safety/liability” to have Plaintiff working “this

late" in her pregnancy, and that "[f]or the safety of the baby it is probably best to be at home." The message further stated that "[w]hen [Plaintiff is] no longer pregnant and [is] able to come back, [Defendant] will be happy to discuss putting [her] back on the schedule."

18. Defendant made no individualized assessment of Plaintiff's actual ability to perform her job duties, obtained no medical documentation or evaluation, and identified no similarly-situated non-pregnant employee with a comparable lifting restriction who was terminated or removed from the schedule on that basis. Defendant's stated justification rested entirely on generalized, stereotypical assumptions about pregnant workers.

19. On September 30, 2025, Plaintiff filed her Charge of Discrimination with the EEOC.

20. In its Position Statement submitted to the EEOC, Defendant admitted that it removed Plaintiff from the schedule because it believed she was "unable to safely perform the essential functions of her job due to her pregnancy and the risk to her and the unborn child," and asserted that Plaintiff would be permitted to return to work only once she was "no longer pregnant." Defendant's Position Statement further relied on disciplinary forms not identified as the reason for Plaintiff's discharge and unrelated to any lifting or safety concern.

21. On June 26, 2026, the EEOC issued its Letter of Determination, finding reasonable cause to believe that Defendant discriminated against Plaintiff because of her sex/pregnancy and retaliated against her for opposing pregnancy discrimination, in violation of Title VII. The EEOC specifically found that Defendant's reliance on

prior disciplinary warnings did not rebut the pregnancy nexus because those warnings were never identified as the reason for Plaintiff's discharge.

22. Conciliation efforts were unsuccessful, and on July 7, 2026, the EEOC issued its Notice of Right to Sue (Conciliation Failure).

23. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, emotional distress, and other damages.

## VI. CAUSES OF ACTION

### COUNT I

### Pregnancy Discrimination in Violation of Title VII/PDA, 42 U.S.C. § 2000e(k)

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25. At all relevant times, Defendant was an “employer” as defined by 42 U.S.C. § 2000e(b), and Plaintiff was an “employee” as defined by 42 U.S.C. § 2000e(f).

26. Plaintiff, as a pregnant employee, was a member of a protected class under the PDA, 42 U.S.C. § 2000e(k).

27. Plaintiff was qualified for her position and performed her job satisfactorily throughout her pregnancy.

28. Defendant subjected Plaintiff to an adverse employment action by terminating her employment (or, as Defendant characterizes it, placing her on indefinite “layoff” contingent on the end of her pregnancy) because of her pregnancy.

29. Defendant's own admissions — in Mr. Oviedo's termination text message and in Defendant's EEOC Position Statement — constitute direct evidence that Plaintiff's pregnancy was the motivating factor in Defendant's decision. Defendant made no individualized assessment of Plaintiff's ability to work and did not treat Plaintiff the same as non-pregnant employees similar in their ability or inability to work, as required by the PDA. See Young v. United Parcel Serv., Inc., 575 U.S. 206 (2015).

30. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost wages and benefits, emotional distress, and other damages, entitling her to all legal and equitable relief available under Title VII, including but not limited to back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs.

**COUNT II**

**Retaliation in Violation of Title VII, 42 U.S.C. § 2000e-3(a)**

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. On or about September 15, 2025, Plaintiff engaged in activity protected under Title VII by opposing what she reasonably and in good faith believed to be unlawful pregnancy discrimination.

33. Defendant, through Mr. Oviedo, had actual knowledge of Plaintiff's protected opposition and responded by stating that he needed to consult ownership and attorneys.

34. Twelve days later, on September 27, 2025, Defendant terminated Plaintiff's employment.

35. The close temporal proximity between Plaintiff's protected activity and her termination, together with Defendant's escalation to ownership and counsel immediately following Plaintiff's opposition, establishes a causal connection between the protected activity and the adverse action. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268 (2001).

36. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered lost wages and benefits, emotional distress, and other damages, entitling her to all legal and equitable relief available under Title VII, including but not limited to back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs.

## COUNT III

### Pregnancy Discrimination in Violation of the Texas Labor Code § 21.106

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38. Defendant is an “employer” within the meaning of Tex. Lab. Code § 21.002(8), and Plaintiff is an “employee” within the meaning of Tex. Lab. Code § 21.002(7).

39. The Texas Commission on Human Rights Act prohibits discrimination on the basis of sex, including pregnancy, childbirth, and related medical conditions. Tex. Lab. Code § 21.106.

40. For the same reasons alleged in Count I, Defendant discriminated against Plaintiff because of her pregnancy in violation of Tex. Lab. Code § 21.106.

41. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages recoverable under Tex. Lab. Code § 21.2585, including back pay, compensatory damages, punitive damages, and attorney's fees and costs.

**COUNT IV**

**Retaliation in Violation of the Texas Labor Code § 21.055**

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43. Tex. Lab. Code § 21.055 prohibits retaliation against an employee who opposes a discriminatory practice.

44. For the same reasons alleged in Count II, Defendant retaliated against Plaintiff for opposing pregnancy discrimination in violation of Tex. Lab. Code § 21.055.

45. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages recoverable under Tex. Lab. Code § 21.2585, including back pay, compensatory damages, punitive damages, and attorney's fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chelsea Dermont respectfully requests that this Court enter judgment in her favor and against Defendant RJL Entertainment, Inc. d/b/a Club Cheetah, and award the following relief:

a. Back pay and lost benefits in an amount to be determined at trial;

b. Front pay in lieu of reinstatement, or, alternatively, reinstatement to a comparable position;

c. Compensatory damages for emotional pain, suffering, inconvenience, and mental anguish, subject to the statutory limitations of 42 U.S.C. § 1981a(b)(3) as applicable;

d. Punitive damages, subject to the statutory limitations of 42 U.S.C. § 1981a(b)(3) as applicable;

e. Pre-judgment and post-judgment interest as allowed by law;

f. Reasonable attorney's fees and costs of court pursuant to 42 U.S.C. § 2000e-5(k) and Tex. Lab. Code § 21.259;

g. Injunctive relief prohibiting Defendant from engaging in further unlawful discriminatory or retaliatory conduct; and

h. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

BROOKS LLP

By: /s/ Jon D. Brooks
Jon D. Brooks

Texas Bar No. 24004563

S.D. Tex. ID No. 24936

5350 S. Staples St., Suite 444

Corpus Christi, Texas 78411

Telephone: (361) 885-7710

jbrooks@brooksllp.com

**ATTORNEY FOR PLAINTIFF**